UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYFIELD J. THIBEAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV754 HEA |
| | ) | |
| REBEKAH E. GEE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Rayfield J. Thibeaux for leave to proceed herein *in forma pauperis*. Having reviewed the financial information submitted in support of the motion, the Court has determined that plaintiff is unable to pay the filing fee. The Court will therefore grant the motion. In addition, based upon a review of the complaint, the Court finds that it must be dismissed as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is factually frivolous if the facts alleged are "clearly baseless." *Denton*, 504 U.S. at 32-33. Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.*

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law.

*Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violation of his civil rights. He alleges: "I was illegally implanted with an electronic sensor into the left cheek of my rectum." (Docket No. 1 at 1). He describes the history and construction of the sensor, and alleges that it was implanted at Dixon Correctional Institute, and that "the device came from a mental hospital located two miles from DCI; Eastern Louisiana Mental Health Systems." (*Id.* at 2). Plaintiff alleges that defendant is the secretary of the Louisiana Department of Health and Hospitals. He alleges that the State of Louisiana has the ability to monitor his mental capacity anywhere in the world, and states that he has been suffering ever since "[t]he code to enter the instrumentation of the invention which allows the public to view images of the mind was first given to prison guards at Dixon Correctional Institute." (*Id.*) He seeks monetary damages.

The Court finds the factual allegations in the complaint to be delusional and fanciful, and therefore clearly baseless. *See Denton*, 504 U.S. at 32-33. The Court therefore concludes that this action is factually frivolous, and will dismiss it as such. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** without prejudice because it is factually frivolous. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel (Docket No. 4) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in

good faith.

Dated this 23rd day of March, 2017.

                                                                                                      HENRY EDWARD AUTREY
                                                                                                    UNITED STATES DISTRICT JUDGE