UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYFIELD J. THIBEAUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV754  HEA |
| ) | |
| REBEKAH E. GEE, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Relief from Judgment, filed by plaintiff Rayfield J. Thibeaux. (Docket No. 9). The motion will be denied.

Plaintiff brought this civil action seeking monetary damages for alleged civil rights violations. He alleged: "I was illegally implanted with an electronic sensor into the left cheek of my rectum." (Docket No. 1 at 1). Plaintiff alleged that the sensor allowed the State of Louisiana to monitor his mind from anywhere in the world, and that he had been suffering ever since "[t]he code to enter the instrumentation of the invention which allows the public to view images of the mind was first given to prison guards at Dixon Correctional Institute." (*Id.*) Upon initial review, the Court dismissed the complaint as frivolous. (Docket No. 7).

In the instant motion, plaintiff indicates that he moves for relief pursuant to "Federal Rules of Procedures Rule 60" and "42 U.S.C. 1997(a)." (Docket No. 9). Rule 60(b) allows a party to seek relief from a final judgment and request reopening of his case under a limited set of circumstances, including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). None of those circumstances are present here. In addition,  there is

no such statute as "42 U.S.C. § 1997(a)" and, to the extent plaintiff can be understood to refer to 42 U.S.C. § 1997a, that statute is inapplicable to these circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion for Relief from Judgment (Docket No. 9) is **DENIED**.

Dated this 27th day of March, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE